Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorney for Plaintiff, SCOTT ROBERTSON

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT ROBERTSON, <br><br> Plaintiff, <br><br> vs. <br><br> ASSOCIATED CREDITORS EXCHANGE, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

SCOTT ROBERTSON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against ASSOCIATED CREDITORS EXCHANGE (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection

- 1 -

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the State of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in St. Cloud, Minnesota and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a corporation with a business office in Phoenix, Arizona.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff at telephone number 320-240-6890 from telephone number 800-820-3800.

13. Defendant threatened Plaintiff with legal action if Plaintiff did not pay his alleged debt.

14. Defendant failed to identify itself as a debt collector in subsequent communications. (See Exhibit "A")

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692(d)(2)* of the FDCPA by using language the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant violated *§1692e(5)* of the FDCPA by threatening legal action against Plaintiff even though it does not intend to take any.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening legal action against Plaintiff even though it does not intend to take any.

    d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication is from a debt collector.

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

    f. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, SCOTT ROBERTSON, respectfully requests judgment be entered against Defendant, ASSOCIATED CREDITOR'S EXCHANGE, for the following:

16. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

17. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Actual damages,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCOTT ROBERTSON, demands a jury trial in this cause of action.

                              RESPECTFULLY SUBMITTED,

DATED:  September 24, 2009        KROHN & MOSS, LTD.

                         By: <u>/s/ Ryan Lee</u>
                             Ryan Lee
                             Attorney for Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA

Plaintiff, SCOTT ROBERTSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*[signature]*
SCOTT ROBERTSON

Hello Scott Robertson, this is Mr. Bargues, giving you a followup call.  I need to actually talk to you again for this time period to see if we can get it worked out, I received some good news for you.  Try and call today, so I can let you know what it is, 1-800-280-3800, extension 8316, Mr. Bargues.

Yes, Mr. Scott Robertson or Stacy Robertson, this is Mr. Bargues.  I am trying to get back in contact with you to speak with you directly in regards to a very important critical matter received here in my office the other day.  I need you to respond to this call.  I have some very critical information that I need to get to you today.  I will be at my office until 9 p.m.  Phone number is 1-800-280-3800, extension 8316, Mr. Bargues.

Hello Scott Robertson, this is Mr. Bargues.  I am trying to get back in contact with you to let you actually see how we are going to go forward with this account.  I actually received some good news on your behalf.  I need you to give me a call, so I can talk to you about it and let you know.  Phone number is 1-800-280-3800, extension 8316.  Ask for me Mr. Bargues.  I am here today until 2 o'clock your time, so give me a call straight away and let us have a smooth conversation and let me know what you want to do, 1-800-280-3800, extension 8316, Mr. Bargues.

Hello, Mr. Scott Robertson, this is Mr. Bargues.  I was trying to follow up with you today per our conversation yesterday in regards to an issue here.  I need you to get back in contact with me and give me a call back today before the end of business today.  It is my absolute last day that I can actually deal with your particular matter.  I need you to return the call to 1-800-280-3800, extension 8316, ask for me, Mr. Bargues.  So you need to contact me Scott at this point so you can allow me to actually have some actions drawn forward on your particular matter.  If you cannot return my phone call yourself, Mr. Robertson, have your attorney or _____ representative get in contact with my office before the end of business today.

Scott Robertson, this is Mr. Bargues.  I need you to give me a call back.  I have not spoken with you since February.  I need to actually _____ some arrangement here in my office the other day.  Give me a call back at 1-800-280-3800, extension 8316, Mr. Bargues.

Scott Robertson, this is Mr. Bargues.  I am not quite sure of what to make of the current status in regards to the matter here in my office with due regards.  We actually did talk to you in February, but we are unable to get in contact with you the entire month of March, have not spoken with you in April at all.  Phone number is 1-800-280-3800, extension 8316, Mr. Bargues.